

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe G. Fender
County Attorney
Fisher County
Roby, Texas

Dear Sir:                          Opinion No. O-1497

                                   Re: Proof required to con-
                                       stitute a carrier a
                                       "motor carrier" under
                                       the terms of Article
                                       911b, Vernon's Texas
                                       Civil Statutes, 1925

We are in receipt of your letter of September 23, 1939, in
which you present the following facts:

> "Defendant was arrested on a state highway between
> the incorporated cities of Roby and Anson, Texas.
> Proof was made in the Justice Court that defendant
> was hauling sheep for hire with his truck without
> a permit from the Railroad Commission as required by
> Revised Civil Statutes 911b. The defendant contended
> it was necessary that the State prove as part of its
> case that the defendant actually drove through at
> lease two incorporated cities with his load. Defend-
> ant appealed from a judgment of conviction in the
> Justice Court."

You desire a ruling upon the question of "whether or not it is
necessary for the State to prove that the defendant actually
went through two or more incorporated towns with his load," in
establishing that defendant unlawfully operated a motor carrier
without a permit or certificate of convenience and necessity.

The question presented in your letter of request is one which
has caused much confusion and uncertainty in attempting to
apply the motor carrier act, Article 911b, Vernon's Texas Civil

Statutes, Article 1690b, Vernon's Texas Penal Code, being Acts 1929, 41st Legislature, p. 698, Ch. 314, as amended, Acts 1931, 42nd Legislature, p. 480, Ch. 277, H. B. No. 335. This department, in its opinion No. 0-1592, in response to questions submitted by the Railroad Commission of Texas, has carefully considered the proper construction of Section 1 (g) of this statute, and attempted to make a comprehensive analysis of the issues controlling your question. A copy of said opinion is enclosed herewith.

We concluded in that opinion that the Legislature in defining a "motor carrier" intended to include within the terms of the Act carriers for hire by motor vehicle over any public highway in this state where in the course of the transportation the operator travels between or through two or more incorporated cities, towns or villages.

In the case you present, if the only evidence produced was that defendant was arrested on a highway which was situated or located between two incorporated towns without any reference to origin or destination of the load or the service rendered we do not think a violation of the Motor Carrier Act has been proved.

Based upon the reasoning set out in our Opinion No. 0-1592, enclosed herewith, we are of the opinion that in order to show that a defendant operated a "motor carrier" for hire as defined in H. B. No. 335, Acts 42nd Legislature, (Acts, 911b, Vernon's Texas Civil Statutes and 1690b Vernon's Texas Penal Code, 1925) it is necessary to prove that the defendant, in the course of his transportation, traveled from one incorporated town to another with this load, however, it is not necessary to prove that municipal corporations were the termini of the transportation. We are not to be understood as suggesting however, that an operator may evade the regulations of a motor carrier for hire where his service is in fact that of a "motor carrier", by merely driving around or skirting the boundary lines of incorporated towns along his route or some similar subterfuge.

The foregoing represents the considered opinion of this Department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Cecil C. Cammack

By
Cecil C. Cammack
Assistant

CCC:BBB/cge

ENCLOSURE

APPROVED: Opinion Committee, By RWL, Chairman

APPROVED  DEC. 16, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS